UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY HARRIS, et al.,<br><br>        Plaintiffs<br><br>    v.<br><br>STATE OF NEVADA, et al.,<br><br>        Defendants | Case No.  3:23-cv-00222-MMD-CLB<br><br>**ORDER** |

On May 30, 2023, Plaintiffs Anthony Harris, Tavete Letoi, Rafael Bonet, Jeffrey Cabalan, Harry Puapuaga, Jerry Meas, and Keith Tillman, all inmates in the custody of the Nevada Department of Corrections, submitted a document titled "Motion for Initiation and for Clarification/Instruction of Court." (ECF No. 1-1). According to the Motion, Plaintiffs are Asian Americans and Pacific Islanders who seek information about how they can file a class action regarding racial discrimination they suffered while incarcerated at Ely State Prison. (*Id.*) But no Plaintiff has filed a complaint and either paid the required filing fee or filed an application to proceed *in forma pauperis*. So the Court provides the following general information to facilitate the proper initiation of civil-rights actions by these *pro se* litigants.

I.      **DISCUSSION**

*Pro se* litigants have the right to plead and conduct their own cases personally. *See* 28 U.S.C. § 1654. But *pro se* litigants have no authority to represent anyone other than themselves. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). This means *pro se* litigants cannot seek to certify a case as a class action themselves; they must be represented by counsel. *See Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995). But there is no right to appointed counsel in civil-rights actions. And "the court will appoint counsel for indigent civil litigants only in 'exceptional circumstances.'" *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

In any event, "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. LSR 2-1 provides that "[a] civil-rights complaint filed by a person who is not represented by an attorney must be submitted on the form provided by this court or must be legible and contain substantially all the information called for by the court's form." Moreover, this Court must collect filing fees from parties initiating civil actions. 28 U.S.C. § 1914(a). The fee for filing a civil-rights action is $402, which includes the $350 filing fee and the $52 administrative fee. *See* 28 U.S.C. § 1914(b). "Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed *in forma pauperis*." LSR 1-1.

For an inmate to apply for *in forma pauperis* status, the inmate must submit **all three** of the following documents to the Court: (1) a completed **Application to Proceed in Forma Pauperis for Inmate**, which is pages 1–3 of the Court's approved form, that is properly signed by the inmate twice on page 3; (2) a completed **Financial Certificate**, which is page 4 of the Court's approved form, that is properly signed by both the inmate and a prison or jail official; and (3) a copy of the **inmate's prison or jail trust fund account statement for the previous six-month period**. *See* 28 U.S.C. § 1915(a)(1)–(2); LSR 1-2. *In forma pauperis* status does not relieve an inmate of his obligation to pay the filing fee, it just means that he can pay the fee in installments. *See* 28 U.S.C. § 1915(b).

The Court will grant each Plaintiff an opportunity to file a complaint and either pay the full $402 filing fee or file a fully complete application to proceed *in forma pauperis*. But only Plaintiff Anthony Harris is permitted to proceed in this action at this time. If any other Plaintiff wishes to proceed with his claims, he must file a complaint with the Court, under a new case number, and either pay the full $402 filing fee or file a fully complete application to proceed *in forma pauperis*.

II.   **CONCLUSION**

For the foregoing reasons, it is ordered that Plaintiff Anthony Harris will submit a complaint to this Court **on or before Monday, September 11, 2023**.

It is further ordered that, **on or before Monday, September 11, 2023**, Plaintiff Anthony Harris will either pay the full $402 filing fee or file a fully complete application to proceed *in forma pauperis* with all three required documents: a completed application with the inmate's two signatures on page 3, a completed financial certificate that is signed both by the inmate and the prison or jail official, and a copy of the inmate's trust fund account statement for the previous six-month period.

It is further ordered that Plaintiffs Tavete Letoi, Rafael Bonet, Jeffrey Cabalan, Harry Puapuaga, Jerry Meas, and Keith Tillman are dismissed without prejudice from this action.

Plaintiff Anthony Harris is cautioned that this action will be subject to dismissal without prejudice if he fails to timely comply with this order. A dismissal without prejudice allows the plaintiff to refile the case with the Court, under a new case number, when he can file a complaint and a complete application to proceed *in forma pauperis* or pay the required filing fee.

It is further ordered that if either Tavete Letoi, Rafael Bonet, Jeffrey Cabalan, Harry Puapuaga, Jerry Meas, or Keith Tillman wishes to proceed with his claims, each inmate must file his own complaint with the Court, under a new case number, and either pay the full $402 filing fee or file a fully complete application to proceed *in forma pauperis*.

It is further ordered that the Clerk of the Court will send to Plaintiff Anthony Harris and Tavete Letoi, Rafael Bonet, Jeffrey Cabalan, Harry Puapuaga, Jerry Meas, and Keith Tillman **each** the approved form for filing a 42 U.S.C. § 1983 complaint, instructions for the same, and courtesy copies of the initiating document (ECF No. 1-1) and General Order No. 2021-05.

DATED THIS 13th day of July 2023.

_____
UNITED STATES MAGISTRATE JUDGE